Chelo Henry VILLARREAL–ALARCON; Roxana C. Villarreal; Italo H. Villarreal–Jurgens; Gino A. Villarreal–Jurgens, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 00–70455.

Agency Nos. A70–960–320, A70–960–321, A70–960–322, A70–960–323.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM[2]

Chelo Henry Villarreal–Alarcon, Roxana C. Villarreal, Italo H. Villarreal–Jurgens,

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

and Gino A. Villarreal–Jurgens petition for review of their final order of deportation entered by the Board of Immigration Appeals ("BIA") on March 31, 2000. Petitioners were served with orders to show cause on December 5, 1995, approximately six years and two months after they entered the United States. At a hearing on December 1, 1997, the immigration judge denied their applications for suspension of deportation because they had failed to meet the continuous physical presence requirement before being served with the orders to show cause and thus were statutorily ineligible for suspension. On appeal, the BIA affirmed.

Petitioners contend that they were eligible for suspension of deportation and challenge the BIA's decision that the "stop-time rule," a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009–625, bars such relief in their case. Petitioners' arguments challenging the application of the stop-time rule are foreclosed by our recent decision in *Ram v. INS*, 243 F.3d 510 (9th Cir.2001). We do not consider their eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir. 2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez*.

PETITION FOR REVIEW DENIED.